1    A. SASHA FRID (State Bar No. 216800)
     sfrid@millerbarondess.com
2    JEFFERY B. WHITE (State Bar No. 291086)
     jwhite@millerbarondess.com
3    MILLER BARONDESS, LLP
     1999 Avenue of the Stars, Suite 1000
4    Los Angeles, California 90067
     Telephone: (310) 552-4400
5    Facsimile: (310) 552-8400

6    Attorneys for Plaintiff
     ATELIER LUXURY GROUP, LLC

7

8             **UNITED STATES DISTRICT COURT**

9     **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

| | |
|---|---|
| 11   ATELIER LUXURY GROUP, LLC, a | **CASE NO.** |
| 12   Delaware limited liability company, | **COMPLAINT FOR:** |
| 13         Plaintiff, | **(1) CONTRIBUTORY TRADEMARK COUNTERFEITING (15 U.S.C. § 1114);** |
| 14         v. | |
| 15 | **(2) CONTRIBUTORY TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);** |
| 16   PEG TECH INC., a California corporation; and DOES 1-20, inclusive, | |
| 17 | **(3) CONTRIBUTORY TRADEMARK DILUTION (15 U.S.C. § 1125(c));** |
| 18        Defendants. | |
| 19 | **(4) CONTRIBUTORY FALSE DESIGNATION OF ORIGIN AND FALSE DESCRIPTION (15 U.S.C. § 1125(a)); AND** |
| 20 | |
| 21 | |
| 22 | **(5) CONTRIBUTORY UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200)** |
| 23 | |
| 24 | **[DEMAND FOR JURY TRIAL]** |

25

26

27

28

523340.1

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

Plaintiff Atelier Luxury Group, LLC ("Plaintiff") alleges in this complaint as follows:

## NATURE OF THE ACTION

1.      This lawsuit seeks injunctive relief and damages against an internet service provider that is knowingly allowing its services to be used to pedal counterfeit fashion merchandise across the globe.

2.      Plaintiff is the registered owner and creator of AMIRI.  AMIRI is a high-end luxury and ready-to-wear fashion label influenced by the rock 'n' roll, punk and grunge culture in the United States in the 1980s and 1990s.  AMIRI-brand clothing, shoes and accessories have enjoyed massive success and wide publicity; and AMIRI was recently described as the "First Luxury Superbrand" based in Los Angeles.

3.      Plaintiff sells tens of millions of dollars of AMIRI merchandise every year in the United States and across the world.  Plaintiff carefully curates the label's premier reputation by allowing AMIRI merchandise to be sold only on its own website, https://amiri.com, in its Beverly Hills flagship retail store, and at select luxury department stores and high-end fashion boutiques.  Signature AMIRI pieces, including the famous AMIRI MX1 denim jeans, retail for $1,150, or more.

4.      In or about May 2021, Plaintiff discovered that a criminal enterprise called AmiriOutlet was manufacturing, marketing and selling counterfeit AMIRI merchandise.  AmiriOutlet is run from inside the People's Republic of China, and it operates the website http://amirioutlet.online.  Plaintiff's investigation revealed that Defendant PEG Tech Inc. ("Defendant") is the web host for AmiriOutlet.  As the web host, Defendant allows AmiriOutlet to use its servers and other cloud-based Internet services to make its website accessible to the public.

5.      The AmiriOutlet website is filled with fake AMIRI products that are held out as being authentic.  On its home page, AmiriOutlet depicts the registered AMIRI logo; represents to be an "AMIRI Official Discount Store" (false); and

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

1    claims to sell "100% Original Products" of AMIRI (false).  A screenshot of

2    AmiriOutlet's home page is reproduced below.



*AmiriOutlet home page (https://amirioutlet.online)*

6.    It gets worse.  Within the site, AmiriOutlet purports to sell over 100 authentic AMIRI pieces at steeply-discounted prices.  For example, AmiriOutlet advertises, markets and sells counterfeit AMIRI MX1 Camo Jeans; counterfeit AMIRI Bandana Print Jeans; counterfeit AMIRI Skel Top Sneakers;  counterfeit AMIRI Bandana B-Ball Shorts; counterfeit AMIRI Chemist Leather Star Jeans; and many other counterfeit AMIRI pieces.  In each case, AmiriOutlet represents that its products are legitimate AMIRI apparel.  They are not.

7.    This is textbook counterfeiting.  Under federal law, counterfeiting is a felony that is punishable by fines and prison time.  Defendant should have shut down AmiriOutlet right away.  It did not.  Worse still, Defendant was notified by Plaintiff of the unlawful activities occurring on the AmiriOutlet site using Defendant's servers.  Plaintiff requested that Defendant take down the site immediately.  Defendant did nothing.  In fact, Defendant has not even responded to Plaintiff.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

8.      The AmiriOutlet site is still up and running, and it is causing damage to Plaintiff that increases every day.  Plaintiff will continue to suffer injury, including lost sales, diminished reputation in the marketplace and the dilution of its valuable intellectual property, unless and until the Court puts a stop to it.  Plaintiff has spent enormous time and resources promoting AMIRI.  It cannot stand by as AmiriOutlet, with knowing aid and assistance from Defendant, continues to deliberately infringe, dilute and misappropriate its valuable trademarks and designs.

9.      On information and belief, Defendant is benefitting financially by rendering web hosting services to AmiriOutlet.  Further, Plaintiff believes that the user(s) behind the AmiriOutlet website have created numerous counterfeit retail websites that rip-off other high-end fashion brands, for which Defendant is also compensated for its hosting services.  Plaintiff believes that is why Defendant refuses to take down AmiriOutlet or take any corrective action at all, despite having actual knowledge of the illegal counterfeiting.

10.     By this suit, Plaintiff seeks injunctive relief to shut down the AmiriOutlet website, as well as compensatory damages, punitive damages, attorneys' fees and costs, and all other relief authorized under federal and California law.

## **THE PARTIES**

11.     Plaintiff Atelier Luxury Group, LLC is a Delaware limited liability company that is headquartered in Los Angeles, California.  Plaintiff is the designer, manufacturer, marketer and seller of AMIRI brand clothing, shoes and accessories.

12.      Defendant PEG Tech Inc. is a California corporation, with its principal place of business at 55 South Market Street, Suite 320, San Jose, California 95113. Defendant is registered to do business in the State of California, and Plaintiff is informed and believes that Defendant conducts substantial business within this judicial district.  Plaintiff is informed and believes that Defendant conducts business under the trade name RAKsmart, and that it runs the website http://raksmart.com.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

13.    Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged of the Defendants sued herein as DOES 1 through 20, inclusive, but on information and belief alleges that said Defendants are legally responsible for it.  Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

## SUBJECT MATTER JURISDICTION AND VENUE

14.    This Court has jurisdiction over the federal counterfeiting, trademark infringement, dilution and false designation of origin claims asserted in this action under 28 U.S.C. § 1331 (federal question jurisdiction).

15.    This Court has ancillary jurisdiction over the state law claims asserted in this action under 28 U.S.C. § 1367 because they are related to the federal claims that form part of the same case or controversy under Article III of the U.S. Constitution.  This Court also has jurisdiction over the state law claim for unfair competition under 28 U.S.C. § 1338(b) because such claims are joined with a substantial and related claim under the federal trademark laws.

16.    Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d) and 1400(a) because, on information and belief, Defendant resides within this judicial district and/or a substantial part of the events or omissions giving rise to liability occurred in this judicial district.

## PERSONAL JURISDICTION

17.    This Court has personal jurisdiction over Defendant because it is organized and has its headquarters in California, does substantial business in this forum, and because the alleged acts of counterfeiting, trademark infringement, dilution and federal and state unfair competition occurred in California.

## FACTUAL ALLEGATIONS

### A.    Plaintiff's High-End AMIRI Label And AMIRI Trademarks

18.    Plaintiff is the creator of the luxury fashion brand AMIRI.  Influenced by the punk and grunge culture of the 1980s and 1990s, the AMIRI brand launched

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

1  in 2013 as a ready-to-wear label with streetwear-inspired collections.  Plaintiff is

2  responsible for creating, designing, assembling, finishing, marketing, and selling the

3  AMIRI brand clothing, shoes and accessories; and Plaintiff is responsible for

4  maintaining quality control over AMIRI pieces that are marketed and sold around

5  the world.

6      19.    AMIRI brings luxury standards to a rock 'n' roll aesthetic in menswear,

7  womenswear, footwear, and accessories.  The label has been described as "one of

8  the biggest businesses in the men's ready-to-wear" market.  The founder and

9  principal of Plaintiff, Michael Amiri (after whom the AMIRI brand is named), has

10  been described as "a modern cinderella story"—a fashion disruptor who "catapulted

11  to success" using social media, "landing him placement in top-tier stores and fans

12  among the Hollywood elite."  In 2017, GQ profiled Mr. Amiri and identified him as

13  among "[t]he three designers making the most wanted streetwear in America."  In

14  2018, Mr. Amiri was nominated for the Swarovski Award for Emerging Talent at

15  the CFDA Fashion Awards; and honored with the Emerging Talent Award at the

16  Footwear News Achievement Awards.  In 2019, Mr. Amiri was nominated for the

17  Menswear Designer of the Year at the CFDA Fashion Awards.

18      20.    At great expense, Plaintiff has created, developed, manufactured,

19  advertised, and marketed its products in such a way that they convey and are

20  associated with luxury products that meet the highest standards.  AMIRI has been

21  celebrated by fashion-setters in the entertainment and sports communities, such as

22  LeBron James, Jay-Z, Madonna, Michael B. Jordan, Justin Bieber, Future, Kendall

23  Jenner, Lil Baby, Odell Beckham Jr., Courtney Love, Polo G, Kanye West, and

24  many others.

25      21.    AMIRI clothes are featured only in select high-end retailers around the

26  world, including Barneys New York, Bergdorf Goodman and Galaries Lafayette.

27  Plaintiff recently opened a flagship AMIRI retail store on Rodeo Drive in Beverly

28  Hills.  Plaintiff sells tens of millions of dollars in AMIRI merchandise every year,

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

and is on track to hit $100 million in annual sales by the end of 2022. Plaintiff does not have an AMIRI outlet store, nor has it ever authorized any person or business to operate such a store.

22.    Plaintiff owns several registered and common law trademarks over AMIRI, including without limitation:

| Mark | Reg. No. | Int'l Class | Goods |
|------|----------|-------------|-------|
| AMIRI | 5,324,134 | 025 | Belts for clothing; Bottoms; Hats; Jackets; Leather jackets; Leather pants; Leather shirts; Pants; Shirts; Shirts and short-sleeved shirts; Tops. |
| AMIRI | 5,017,318 | 025 | Boots; Jeans; Shirts; Shoes; Sweaters; T-shirts; Denim jackets; Leather jackets. |
| AMIRI | 5,452,854 | 014, 018, 025, 035 | Key chains; key rings; Backpacks; leather bags; Clothing—namely, tops, shirts, t-shirts, blouses, sweaters, cardigans, sweatshirts, jackets, pants, jeans, skirts, dresses, bodysuits, scarves, bandanas; Footwear—namely, shoes, sneakers, boots; Online retail store services featuring clothing, clothing accessories, bags, footwear, keychains. |
| AMIRI | 5,452,860 | 014, 018, 025, 035 | Key chains; key rings; Backpacks; leather bags; Clothing—namely, tops, shirts, t-shirts, blouses, sweaters, cardigans, sweatshirts, jackets, pants, jeans, skirts, dresses, bodysuits, scarves, bandanas; Footwear—namely, shoes, sneakers, boots; Online retail store services featuring clothing, clothing accessories, bags, footwear, keychains. |
| AMIRI | 6,262,587 | 035 | Retail store services featuring clothing, clothing accessories, bags, footwear, keychains, eyewear. |
| AMIRI | 6,284,915 | 009 | Eyewear; sunglasses. |

23.    These trademarks are in full force and effect, and Plaintiff intends to continue to preserve and maintain its rights over these trademarks.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

24.     The clothing, shoes and accessories that Plaintiff sells bearing one or more of these trademarks, by reason of their style, distinctive designs and quality, have come to be known to the public as being of the highest quality.  As a result, the trademarks and the goodwill associated with them are of significant value.  Further, Plaintiff's trademarks have developed a secondary meaning with consumers because of the popularity and success of the AMIRI brand.  The products bearing such marks are therefore immediately identified with Plaintiff.

**B.**     <u>**AmiriOutlet Sells Counterfeit AMIRI Merchandise**</u>

25.     AmiriOutlet runs the website with the URL <u>https://amirioutlet.online</u>.[1] This website is used to sell counterfeit AMIRI merchandise under the false pretense of being an AMIRI outlet store.  The goods sold on this website were not made by Plaintiff, nor were they manufactured, promoted, or sold with Plaintiff's consent.

26.     The home page of AmiriOutlet unlawfully uses the registered AMIRI trademark, using a mark that is <u>identical</u>—in name, font, style, color, and appearance—to the mark used and registered by Plaintiff.

| A M I R I | A M I R I |
|---|---|
| *Plaintiff's home page (**https://amiri.com**)* | *AmiriOutlet's home page (**https://amirioutlet.online**)* |

27.     At the top of its home page, AmiriOutlet also falsely claims to be an "Official Discount Store" for AMIRI merchandise, and falsely claims to sell "100% Original Products" of AMIRI, as shown below.

---

[1] The website is also available at <u>http://amirioutletstore.com</u>.

Miller Barondess, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400



***AmiriOutlet's home page ([https://amirioutlet.online](https://amirioutlet.online))***

28.     The site lists a total of 103 counterfeit items for sale across five categories:  (i) Outerwear; (ii) Denim; (iii) Sneakers; (iv) T-shirt; and (v) Sweatpants.  Each of the items is held out as being an authentic AMIRI piece.  On some, the "AMIRI" mark is featured prominently on the merchandise itself.  On what appears to be all or nearly all of the pieces, there is also a counterfeit AMIRI tag in white text against a black label—closely imitating the black-and-white tag that appears on authentic AMIRI pieces.




| ***Counterfeit Amiri T-Shirt*** | ***Swim Shorts w/Counterfeit Amiri Label*** |

29.     In still other instances, AmiriOutlet is selling merchandise—like counterfeit AMIRI Bandana Shorts—using images that were copied directly from

Plaintiff's own website.

 

| *Image of Plaintiff's AMIRI Bandana B-Ball Shorts (https://amiri.com)* | *Image of Counterfeit Amiri Bandana Shorts (https://amirioutlet.online)* |

30.    Many other items listed on the AmiriOutlet site closely resemble the corresponding AMIRI piece—for example, the AMIRI Hollywood Trucker Jacket, the Stich AMIRI Tee, and the Chemist Leather Stars Jeans.  Such similarity is intended to make the consumer believe they are buying a legitimate Amiri product.

 

| *Plaintiff's AMIRI Hollywood Trucker Jacket* | *Counterfeit Amiri Classic Fashion Trucker Jacket* |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000 · LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400



| | |
|---|---|
| *Plaintiff's AMIRI Core Logo Tee* | *Counterfeit Stich Amiri Tee* |

 

| | |
|---|---|
| *Plaintiff's Chemist Leather Stars Jeans* | *Counterfeit Leather Stars Jeans* |

31.    The sale of counterfeit AMIRI pieces on AmiriOutlet is unlawful. Under federal law, counterfeiting is a felony that is punishable by fines up to $5 million, per offense, and imprisonment of 10 years.  18 U.S.C. § 2320(b).

**C.    Defendant's Contributory Counterfeiting And Infringement Acts**

32.    Defendant is an Internet Service Provider ("ISP") that provides "hosting" services to retail, social networking, mobile gaming, and other e-commerce websites.  While the content of the sites is set by Defendant's clients, Defendant itself supplies the servers and other technology that allow the sites to be

accessible to the viewing public.  Defendant has its physical office in the heart of Silicon Valley.

33.    After Plaintiff discovered the counterfeit AmiriOutlet website, it conducted an investigation and learned that Defendant was providing hosting services for the site.  When a user registers a new website address, the Internet Corporation for Assigned Names and Numbers ("ICANN") requires the user's contact information and certain other background data to be saved on the WHOIS database.  A search of the WHOIS database confirms that Defendant is the web host for AmiriOutlet.  A copy of the search results (as obtained from two different sources) is attached as **Exhibit "1"** to this complaint.[2]

34.    Plaintiff is informed and believes that Defendant is collecting service fees in return for providing hosting services to AmiriOutlet.  It is Plaintiff's belief that Defendant is communicating regularly with the owner(s) of AmiriOutlet in connection with the services it provides and the fees it collects.  As the web host, Defendant also has the capability to shut down the AmiriOutlet website by disabling access to its servers.

35.    The AmiriOutlet website is a blatant criminal enterprise—and it should have been shut down right away.  Defendant cannot claim ignorance because it was made aware of what AmiriOutlet was doing months ago—and has chosen to do nothing.

36.    Soon after it discovered that Defendant was providing hosting services to AmiriOutlet, Plaintiff contacted Defendant to request that AmiriOutlet be shut down.  Plaintiff sent a written correspondence by FedEx overnight delivery to (1) Wei Zhang, Defendant's Chief Executive Officer; and (2) Steven Pickett, Defendant's registered agent for service of process.  A copy of Plaintiff's letter,

[2] Other identifying information for AmiriOutlet—including the name and address of the user(s) behind the website—has been blocked, although the search results show that the site is being run from inside the People's Republic of China.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

dated May 28, 2021, is attached as **Exhibit "2"** to this complaint. The confirmations showing the letters were delivered by FedEx overnight delivery are attached as **Exhibit "3"** to this complaint.

37. In the letter, Plaintiff reviewed how Defendant was providing hosting services that assisted the sale of counterfeit clothing by AmiriOutlet. The letter requested that AmiriOutlet be taken offline immediately.

38. It has now been over six weeks. Defendant never responded to Plaintiff—and AmiriOutlet is still online. Even though Defendant has been aware of the illegal counterfeiting occurring on its platform, it has chosen to do nothing because it wants to keep collecting fees.

39. To that end, Plaintiff is informed and believes that the user(s) behind AmiriOutlet have set up other websites to sell counterfeit luxury goods. For example, the support email address listed on the AmiriOutlet website (support@goyardoutlet.us) is the same support email address listed on another counterfeit website—https://goyardoutlet.online. This site sells fake handbags and other leather goods that are knockoffs of luxury retailer Maison Goyard.

40. Similarly, the telephone number for customer support listed on AmiriOutlet—(530) 230-3376—is the same telephone number for customer support listed on another counterfeit website—http://www.louboutinoutlet.online/. This site sells fake boots, heels, loafers, and other footwear that are knockoffs of luxury retailer Christian Louboutin.

41. On information and belief, Defendant is aware of these other counterfeit websites, but is continuing to provide hosting services in order to continue pocketing fees from the owner(s). Unless this Court intervenes, it appears that Defendant will take no action at all.

**D. Injury To Atelier**

42. Because Defendant refuses to take any action, Plaintiff is incurring damages that increase every day. On information and belief, customers and

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  potential customers who come into contact with the AmiriOutlet website are likely

2  to be confused as to the source or sponsorship of, or the site's association or

3  affiliation with, the legitimate AMIRI brand.

4       43.    That is by design because AmiriOutlet wants to confuse the public.

5  The website falsely represents to be an "AMIRI Official Discount Store" and falsely

6  represents to sell "100% Original Products" of AMIRI.  A consumer who visits the

7  AmiriOutlet site would be led to believe that AmiriOutlet offers for sale over 100

8  authentic AMIRI pieces.  In reality, everything on the site is fake.

9       44.    AmiriOutlet has misappropriated and exploited Plaintiff's valuable

10  trade dress without permission and without compensation to Plaintiff.  Even though

11  the products sold by AmiriOutlet are intended to look and feel like AMIRI's

12  signature pieces, the quality of AmiriOutlet's merchandise is vastly inferior.

13  Plaintiff manufactures its AMIRI garments with the highest quality denim, leather

14  and other fabrics, and uses a painstaking production process whereby every item is

15  treated by hand over a period of several months.  AmiriOutlet sells its products for a

16  small fraction of the price because its goods are of poor quality.

17       45.    Because AmiriOutlet's merchandise misappropriates the AMIRI mark

18  and closely imitates the distinctive clothing, shoes and accessories sold under the

19  AMIRI label, its actions create a possibility that AMIRI will no longer serve as a

20  unique identifier of Plaintiff's goods to consumers, both in the United States and

21  abroad.  The site therefore diminishes the apparent exclusivity of genuine AMIRI

22  pieces and dilutes the brand.  Further, the inferior quality of AmiriOutlet's clothing,

23  shoes and accessories will tarnish the reputation that Plaintiff has worked very hard

24  to develop, and on which Plaintiff has spent hundreds of thousands of dollars in

25  promotions and advertising.  As a result, Plaintiff will suffer lost sales and foregone

26  business because of the improper and negative associations between Plaintiff's

27  brand and AmiriOutlet's inferior knock-offs.

28       46.    Defendant's refusal to take any corrective action after being put on

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

notice was done in bad faith, and with full knowledge of Plaintiff's intellectual property rights. As a result, the consuming public is likely to believe that AmiriOutlet merchandise is sponsored, licensed, authorized by, affiliated, connected, or otherwise associated with the legitimate AMIRI label.

47.    Plaintiff has sustained and will continue to sustain damages as a result of this wrongful conduct. Plaintiff will continue to suffer irreparable damage and harm to its reputation and sustain additional lost profits until Defendant is forced to shut down the counterfeit AmiriOutlet website.

## FIRST CLAIM FOR RELIEF

### (*Contributory Trademark Counterfeiting* (15 U.S.C. § 1114))

48.    Plaintiff repeats and re-alleges each and every foregoing and subsequent allegation contained in the complaint, and further alleges as follows:

49.    Plaintiff owns several registered and common law trademarks over AMIRI, including without limitation, USPTO Reg. Nos. 5,324,134; 5,017,318; 5,452,854; 5,452,860; 6,262,587; and 6,284,915. Plaintiff has extensively used and continuously promoted these marks in commerce.

50.    Defendant is the web host for a counterfeit retail website called AmiriOutlet. The AmiriOutlet site is engaging in unlawful conduct by its promotion, advertisement, offer for sale, sale, and distribution of more than 100 pieces of counterfeit AMIRI merchandise in violation of the federal trademark laws.

51.    Defendant has actual knowledge of AmiriOutlet's illegal activities from, among other things, written notification sent by Plaintiff on or about May 28, 2021, which was delivered by FedEx overnight delivery to Defendant's Chief Executive Officer and registered agent for service of process. Plaintiff's notification advised Defendant that its servers and other cloud-based hosting services were being used to pedal counterfeit goods, and it requested that Defendant take down the site immediately.

52.    Defendant has taken no action in response to Plaintiff's notice.

MILLER BARONDESS, LLP

ATTORNEYS AT LAW

1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067

TEL: (310) 552-4400    FAX: (310) 552-8400

Specifically, Defendant has not responded to Plaintiff, has not removed the AmiriOutlet website from its servers, and has not taken any steps to eliminate the sale of counterfeit goods from AmiriOutlet's website.  To the contrary, Defendant is knowingly contributing to and supporting AmiriOutlet's unlawful conduct by hosting the AmiriOutlet website, and, on information and belief, communicating regularly with the owner(s) of the site, facilitating communication between AmiriOutlet and members of the public, and continuing to collect fees from AmiriOutlet for its hosting services.

53.    Defendant therefore bears contributory liability for AmiriOutlet's unlawful counterfeiting of Plaintiff's registered trademarks and other intellectual property rights under federal law.

54.    Plaintiff is entitled to injunctive relief shutting down the site because it has no adequate remedy at law, and has suffered irreparable harm and damage as a result of the contributory counterfeiting conduct of Defendant.  In addition, Plaintiff has sustained damages as a result of Defendant's unlawful conduct in an amount to be proven at trial, but believed to be no less than One Million Dollars ($1,000,000) per trademark, per counterfeit.

## SECOND CLAIM FOR RELIEF

### (*Contributory Trademark Infringement* (15 U.S.C. § 1114))

55.    Plaintiff repeats and re-alleges each and every foregoing and subsequent allegation contained in the complaint, and further alleges as follows:

56.    Plaintiff owns several registered and common law trademarks over AMIRI, including without limitation, USPTO Reg. Nos. 5,324,134; 5,017,318; 5,452,854; 5,452,860; 6,262,587; and 6,284,915.  Plaintiff has extensively used and continuously promoted these marks in commerce.

57.    Defendant is the web host for AmiriOutlet, which is committing trademark infringement through its promotion, advertisement, offer for sale, sale, and distribution of more than 100 pieces of counterfeit AMIRI merchandise in

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

violation of the federal trademark laws.

58.     Defendant has actual knowledge of AmiriOutlet's infringement from, among other things, written notification sent by Plaintiff on or about May 28, 2021, which was delivered by FedEx overnight delivery to Defendant's Chief Executive Officer and registered agent for service of process.  Plaintiff's notification advised Defendant that its servers and other cloud-based hosting services were being used to pedal counterfeit goods, and it requested that Defendant take down the site immediately.

59.     Defendant has taken no action in response to Plaintiff's notice. Defendant has not responded to Plaintiff, has not removed the AmiriOutlet website from its servers, and has not taken any steps to eliminate the sale of counterfeit goods from AmiriOutlet's website.  To the contrary, Defendant is knowingly contributing to and supporting AmiriOutlet's trademark infringement by hosting the AmiriOutlet website, and, on information and belief, communicating regularly with the owner(s) of the site, facilitating communication between AmiriOutlet and members of the public, and continuing to collect fees from AmiriOutlet for its hosting services.

60.     Defendant therefore bears contributory liability for AmiriOutlet's acts of trademark infringement under federal law.

61.     Plaintiff is entitled to injunctive relief shutting down the site because it has no adequate remedy at law, and has suffered irreparable harm and damage as a result of the acts of trademark infringement.  In addition, Plaintiff has sustained damages as a result of Defendant's unlawful conduct in an amount to be proven at trial, but believed to be no less than One Million Dollars ($1,000,000) per trademark, per counterfeit.

## THIRD CLAIM FOR RELIEF

### (*Contributory Trademark Dilution* (15 U.S.C. § 1125(c)))

62.     Plaintiff repeats and re-alleges each and every foregoing and

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  subsequent allegation contained in the complaint, and further alleges as follows:

2    63. Plaintiff owns several registered and common law trademarks over

3  AMIRI, including without limitation, USPTO Reg. Nos. 5,324,134; 5,017,318;

4  5,452,854; 5,452,860; 6,262,587; and 6,284,915.  Plaintiff has extensively used and

5  continuously promoted these marks in commerce.

6    64. Defendant is the web host for AmiriOutlet, and has actual knowledge

7  that AmiriOutlet is committing trademark infringement through its promotion,

8  advertisement, offer for sale, sale, and distribution of more than 100 pieces of

9  counterfeit AMIRI merchandise in violation of the federal trademark laws.

10    65. Despite its knowledge, Defendant has taken no action to curtail the sale

11  of counterfeit AMIRI merchandise over its servers.  To the contrary, Defendant is

12  knowingly contributing to and supporting AmiriOutlet's trademark infringement by

13  hosting the AmiriOutlet website, and, on information and belief, communicating

14  regularly with the owner(s) of the site, facilitating communication between

15  AmiriOutlet and members of the public, and continuing to collect fees from

16  AmiriOutlet for its hosting services.

17    66. Defendant's actions and inaction demonstrate a willful disregard of

18  Plaintiff's trademark rights, and will continue to cause damage to the goodwill and

19  business reputation associated with Plaintiff's marks.  Because AmiriOutlet's

20  merchandise misappropriates the AMIRI mark and closely imitates the distinctive

21  clothing, shoes and accessories sold under the AMIRI label, its actions create a

22  possibility that AMIRI will no longer serve as a unique identifier of Plaintiff's

23  goods to consumers, both in the United States and abroad.  This dilutes the

24  distinctiveness and value of the famous AMIRI trademarks in violation of 15 U.S.C.

25  § 1125(c).

26    67. Defendant therefore bears contributory liability for AmiriOutlet's acts

27  of trademark dilution under federal law.

28    68. Plaintiff is entitled to injunctive relief shutting down the site because it

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

1  has no adequate remedy at law, and has suffered irreparable harm and damage as a

2  result of the acts of trademark infringement. In addition, Plaintiff has sustained

3  damages as a result of Defendant's unlawful conduct in an amount to be proven at

4  trial, but believed to be no less than One Million Dollars ($1,000,000) per

5  trademark, per counterfeit.

## FOURTH CLAIM FOR RELIEF

### (*Contributory False Designation of Origin and False Description*

### (15 U.S.C. § 1125(a)))

9       69.    Plaintiff repeats and re-alleges each and every foregoing and

10  subsequent allegation contained in the complaint, and further alleges as follows:

11       70.    Plaintiff's trademarks signify to consumers that goods bearing the

12  AMIRI mark are made by Plaintiff and are of the highest quality. Plaintiff has

13  derived goodwill and value from this identification, which Plaintiff has furthered

14  through its extensive advertising and promotional efforts.

15       71.    Defendant is the web host for AmiriOutlet, which is unlawfully

16  pedaling counterfeit goods through its promotion, advertisement, offer for sale, sale,

17  and distribution of more than 100 pieces of counterfeit AMIRI merchandise in

18  violation of the federal trademark laws. Defendant has actual knowledge of this

19  conduct, but has taken no steps to stop it even after being put on written notice by

20  Plaintiff.

21       72.    As a consequence of Defendant's aid and assistance to the AmiriOutlet

22  website, the consuming public will no longer recognize and identify Plaintiff as the

23  single source of apparel bearing the AMIRI trademark. Defendant is therefore

24  contributing to AmiriOutlet's false description of goods, within the meaning of 15

25  U.S.C. § 1125(a)(1), and is likely to cause confusion, mistake or deception by the

26  public concerning the source of origin as between Defendant's goods and those of

27  Plaintiff, and/or to cause confusion, mistake or deception as to the affiliation,

28  connection, association, origin, sponsorship or approval of Defendant's goods with

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  or by Plaintiff or, alternatively, that the public will mistakenly believe that

2  Defendant's goods are somehow associated with Plaintiff's goods.

3      73.    Defendant therefore bears contributory liability for AmiriOutlet's acts

4  of false designation of origin and false description under federal law.

5      74.    Plaintiff is entitled to injunctive relief shutting down the site because it

6  has no adequate remedy at law, and has suffered irreparable harm and damage as a

7  result of the acts of trademark infringement.  In addition, Plaintiff has sustained

8  damages as a result of Defendant's unlawful conduct in an amount to be proven at

9  trial, but believed to be no less than One Million Dollars ($1,000,000) per

10 trademark, per counterfeit.

## FIFTH CLAIM FOR RELIEF

### (*Contributory Unfair Competition* (Cal. Bus. & Prof. Code § 17200))

13     75.    Plaintiff repeats and re-alleges each and every foregoing and

14 subsequent allegation contained in the complaint, and further alleges as follows:

15     76.    Plaintiff is, and at all relevant times was, the owner of all right, title and

16 interest in AMIRI.  Plaintiff's registered trademarks signify to consumers that goods

17 bearing the AMIRI mark are made by Plaintiff and are of the highest quality.

18 Plaintiff has derived goodwill and value from this identification, which Plaintiff has

19 furthered through its extensive advertising and promotional efforts.

20     77.    Defendant is the web host for AmiriOutlet, which is unlawfully

21 pedaling counterfeit goods through its promotion, advertisement, offer for sale, sale,

22 and distribution of more than 100 pieces of counterfeit AMIRI merchandise in

23 violation of the federal trademark laws.  Since May 2021, Defendant has had actual

24 knowledge of AmiriOutlet's counterfeiting activities, but has taken no steps to stop

25 it even after being put on written notice by Plaintiff.

26     78.    Instead, Defendant is knowingly contributing to and supporting

27 AmiriOutlet's unlawful activities by hosting the AmiriOutlet website, and, on

28 information and belief, communicating regularly with the owner(s) of the site,

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

1   facilitating communication between AmiriOutlet and members of the public, and

2   continuing to collect fees from AmiriOutlet for its hosting services.

3       79.   Defendant's conduct constitutes unfair and deceptive acts or practices

4   in the course of a business, trade or commerce in violation of California Business

5   and Professions Code § 17200.

6       80.   Plaintiff is entitled to injunctive relief shutting down the site because it

7   has no adequate remedy at law, and has suffered irreparable harm and damage as a

8   result of the acts of trademark infringement.  In addition, Plaintiff has sustained

9   damages as a result of Defendant's unlawful conduct in an amount to be proven at

10  trial, but believed to be no less than One Million Dollars ($1,000,000) per

11  trademark, per counterfeit.  Plaintiff also requests punitive damages for Defendant's

12  fraudulent and malicious acts.

13  ## **PRAYER FOR RELIEF**

14      **WHEREFORE**, Plaintiff respectfully requests that the Court grant the

15  following relief:

16  (1)   Enter judgment in Plaintiff's favor, finding that Defendant is liable for

17        (a) contributory trademark counterfeiting, in violation of 15 U.S.C.

18        § 1114; (b) contributory trademark infringement, in violation of 15

19        U.S.C. § 1114; (c) contributory trademark dilution, in violation of 15

20        U.S.C. § 1125(c); (d) contributory false designation of origin and false

21        description, in violation of 15 U.S.C. § 1125(a); and (e) contributory

22        unfair competition, in violation of Cal. Bus. & Prof. Code § 17200.

23  (2)   That the Court enter an injunction that is binding on Defendant, its

24        agents, employees, and all other persons in privity or acting in concert

25        with Defendant, as follows:

26        a.   That Defendant, within seven (7) days of judgment, take all steps

27             necessary to remove from its servers and any and all servers

28             under its control or authority, the AmiriOutlet website, having

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1    the domain name http://amirioutlet.online and/or

2    http://amirioutletstore.com;

3    b.    That Defendant, within seven (7) days of judgment, take all steps

4    necessary to remove from its servers and any and all servers

5    under its control or authority, all websites and all text or other

6    media that purport to promote, advertise, offer for sale, sell,

7    and/or distribute any products bearing counterfeit AMIRI

8    trademarks, any other counterfeit AMIRI merchandise, and/or

9    any other websites having any of the AMIRI trademarks in the

10   domain name; and

11   c.    That Defendant, within thirty (30) days of judgment, file and

12   serve Plaintiff with a sworn statement setting forth in detail the

13   manner and form in which Defendant has complied with this

14   injunction, pursuant to 15 U.S.C. § 1116(a).

15   (3)    That Defendant be required to account to Plaintiff for all profits

16   resulting from Defendant's hosting of the AmiriOutlet website and any

17   other websites that sell merchandise bearing counterfeit AMIRI

18   trademarks, and that the award to Plaintiff be trebled as provided for

19   under 15 U.S.C. § 1117; or, alternatively, that Plaintiff be awarded

20   statutory damages under 15 U.S.C. § 1117(c) of up to $1 million for

21   each mark Defendant has caused or allowed to be counterfeited;

22   (4)    That Plaintiff be awarded punitive damages for Defendant's willful and

23   malicious acts of unfair competition;

24   (5)    That Plaintiff be awarded its reasonable attorneys' fees and costs; and

25   (6)    That Plaintiff be awarded all further relief that the Court deems just and

26   proper.

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

1   DATED:  July 9, 2021         MILLER BARONDESS, LLP

2

3

4                        By: _____

5                             A. SASHA FRID
                             Attorneys for Plaintiff

6                             ATELIER LUXURY GROUP, LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1

### **DEMAND FOR JURY TRIAL**

2    By its undersigned attorney, Plaintiff Atelier Luxury Group, LLC hereby

3    demands a jury trial.

4

5    DATED:  July 9, 2021                MILLER BARONDESS, LLP

6

7

8                                      By: _____

9                                           A. SASHA FRID
                                           Attorneys for Plaintiff
10                                          ATELIER LUXURY GROUP, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400